UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RASHAMEL LAVONNT EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CV419-240 |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Rashamel Lavonnt Edwards filed a 42 U.S.C. § 1983 complaint for what appears to be false imprisonment. Doc. 1 at 6. The Court now screens his Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any prisoner complaint that fails to state at least one actionable claim against a governmental entity or official.

Edwards claims that despite having discharge papers, he was moved from one facility to another. Doc. 1 at 5. He claims that, as a result, he was housed with other prisoners and was put in danger. *Id.* Construing plaintiff's complaint as liberally as required for a *pro se* complainant, it appears that plaintiff is attempting to bring a claim for unlawful detention. In order to establish a cognizable claim for unlawful detention under § 1983, plaintiff must

allege facts showing the elements of common law false imprisonment: (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm. *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). Plaintiff must further establish that the imprisonment resulted in a violation of his substantive due process rights under the Fourteenth Amendment.

Unfortunately for plaintiff, there is no set of facts he can allege against the named defendants which would allow this case to proceed against the defendant he names. The Department of Corrections ("D.O.C.") is not a proper defendant because it is immune from suit and, immunity notwithstanding, is not subject to suit under § 1983. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). State agencies are equally immune. *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment," absent consent); *Stevens*, 864 F.2d at 115 (suit against the D.O.C. is barred by Eleventh Amendment). The immunity extends to all claims for relief, including damages and injunctive relief. *See Stevens*, 864 at 115 (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also*

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Even if it was not immune, the D.O.C. is not subject to suit under § 1983. *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989)).

Finally, even if the D.O.C. were not immune from suit, this case would still be dismissed because plaintiff has failed to keep the Court apprised of his mailing address. *See* S.D. Ga. L. R. 41(b); L.R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change."); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). This is an independent reason to recommend the dismissal of plaintiff's suit.

## CONCLUSION

Accordingly, plaintiff's complaint should be **DISMISSED**.[1] Moreover, it is time to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $0 and average monthly deposits of $0, doc. 4 at 1, he owes a no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). However, plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the

---

[1] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). That appears to be the case here. However, if plaintiff believes that he has the ability to amend the complaint, he may do so within fourteen days from the date of this order.

custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 25th day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA