IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RASHAMEL LAVONNT EDWARDS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:19-cv-240 |
| v. | |
| DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

**O R D E R**

Before the Court are Plaintiff Rashamel Lavonnt Edwards's Objections to the Magistrate Judge's Report and Recommendation.  (Doc. 15.)  For the following reasons, the Court **OVERRULES** the Objections, (id.) and **AFFIRMS** its Order adopting the Magistrate Judge's Report and Recommendation (doc. 11).   This case shall remain **CLOSED**.

BACKGROUND

Proceeding *pro se* and *in forma pauperis*, Plaintiff filed a 42 U.S.C. § 1983 complaint, which the Magistrate Judge screened pursuant to 28 U.S.C. § 1915A.  (Doc. 10.)  The Report and Recommendation ("R&R") construed his *pro se* complaint as attempting to bring a claim for unlawful detention against the Georgia Department of Corrections ("D.O.C."), but ultimately found that dismissal was warranted since the D.O.C. is immune from suit under the Eleventh Amendment and, immunity notwithstanding, is not subject to suit under § 1983.  (Id.)  As alternative and independent grounds for dismissal, the Magistrate Judge found that Plaintiff failed to keep the Court apprised of his mailing address as required by the Court's Local Rules.  (Id.)

Plaintiff had 14 days to file any objections to the R&R.  (Id.)  He did not file an objection during that period; therefore, the Court adopted the R&R and dismissed the case on October 19,

2020.  (Doc. 11.)  Judgment dismissing the Complaint was entered on October 27, 2020. (Doc. 12.)

Subsequently, on December 13, 2020, Plaintiff asked the Court to reopen his case and grant him an additional six months to object and respond to the R&R, since he did not receive it in time to file objections as he was in "[solitary] confinement lockdown," the Chatham County Detention Center held onto and misplaced his "legal mail," and he kept "getting move[d] around the jail." (Doc. 13 at 1-2.)  The Court construed his request as a motion to reconsider under Federal Rule of Civil Procedure 60(b), granted his motion, and afforded him 30 days to file his objections. (Doc. 14.)  Plaintiff filed his objections within that time frame.  (Doc. 15.)  The Court now considers those objections to assess what effect, if any, they should have on the Court's Order adopting the Report and Recommendation.  (Doc. 14.)

## DISCUSSION

Plaintiff's Complaint alleges that, despite having discharge papers, he was transferred from one prison facility to another and that the D.O.C. "put [his] life in danger" by placing him in holding cells with other inmates.  (Doc. 1 at 5.)  The Magistrate Judge recommended that Plaintiff's Complaint be dismissed for two, independent reasons.  (Doc. 10 at 2-3.)  First, because the D.O.C. is immune from suit.  (Id.).  As the Report and Recommendation explained:

> "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989). State agencies are equally immune. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment," absent consent); Stevens, 864 F.2d at 115 (suit against the D.O.C. is barred by Eleventh Amendment).  The immunity extends to all claims for relief, including damages and injunctive relief. See Stevens, 864 at 115 (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a

2

State is irrelevant to the question whether the suit is barred by the Eleventh Amendment.").

(Id.)  The Magistrate Judge further found, as alternative and independent grounds for recommending dismissal, that Plaintiff failed to keep the Court apprised of his mailing address as required by the Local Rules.  (Id. at 3).

In his Objections, Plaintiff again alleges that he was falsely imprisoned by the D.O.C. and claims that he was "not suppose[d] to be held in D.O.C. placement."  (Doc. 15 at 1.)  He argues that the D.O.C. "control[s] everything [he] claim[s] in this suit," and is therefore the correct defendant.  (Id.)  However, Plaintiff does not present any argument as to why the D.O.C. should remain in this suit notwithstanding its Eleventh Amendment immunity.  (Id.)  Therefore, dismissal of all claims against the D.O.C. remains appropriate.  (Doc. 11.)

Plaintiff next seeks to add the Commissioner of the D.O.C. as a defendant.  (Doc. 15 at 2.)  However, he does not include any allegations of wrongdoing against the Commissioner.  (Id.)  To the extent Plaintiff seeks to hold the Commissioner responsible for the acts of other prison officials, § 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged

deprivation that he then failed to correct." Barr v. Gee, 437 Fed.Appx. 865, 875 (11th Cir. 2011). Plaintiff includes no allegations as to what, if anything, the Commissioner did related to his alleged false imprisonment. (Doc. 15.)

Additionally, the Commissioner is protected by Eleventh Amendment immunity. As discussed above, the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court by its citizens and citizens of other states. This immunity applies to individual officials who are named as defendants in their official capacity, since the action is, in essence, one for the recovery of money from the state. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); see also Williams v. Bennett, 689 F.2d 1370, 1376–77 (11th Cir.1982) (the Eleventh Amendment has been applied to bar prisoner's § 1983 damage claims brought in federal court against prison officials in their official capacities). Therefore, Plaintiff may not maintain a suit against the Commissioner of the D.O.C., and any attempts to add him as a defendant must fail.

Finally, Plaintiff's Objections offer some explanation as to why he failed to keep the Court apprised of his address pursuant to S.D. Ga. L.R. 11.1. (Doc. 15 at 1-2.) Despite these explanations, even if sufficient, the dismissal is appropriate based on the grounds identified above.

## CONCLUSION

In light of the foregoing, the Court **OVERRULES** Plaintiff's objections, (doc. 14) and **AFFIRMS** its Order adopting the Magistrate Judge's Report and Recommendation, (doc. 11.) Plaintiff's Complaint is **DISMISSED,** and this case shall remain **CLOSED**.

**SO ORDERED**, this 20th day of August, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4